UNITED STATES DISTRICT COURT
                        DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| COMMONWEALTH OF MASSACHUETTS ) <br> SUPERIOR COURT DEPARTMENT ESSEX ) <br> COUNT, Salem Superior Court, ) <br>          ) <br>          Plaintiff,     ) <br>          ) <br>     v.      ) <br>          ) <br> JAMES M. ATKINSON,      ) <br>          ) <br>          Defendant.    ) <br>          ) | CIVIL ACTION <br> No. 16-14143-WGY |

YOUNG, D.J.                                             May 10, 2016

**MEMORANDUM & ORDER**

**I.   INTRODUCTION**

    Before the Court is a pro se petition for removal filed by James M. Atkinson, a defendant in state criminal prosecution. Because the Court lacks removal jurisdiction over this matter, the petition is DENIED and this action is REMANDED to Essex Superior Court.

**II.  BACKGROUND**

    According to the papers filed by Atkinson, he is being prosecuted in Essex Superior Court on firearms possession charges. These charges were brought after the Rockport police had suspended his firearms license and required that he surrender all firearms and ammunition in his possession.

Although Atkinson did surrender firearms and weapons, the Rockport police department was suspicious that Atkinson yet possessed additional firearms.  Law enforcement applied for, and received, a warrant to search Atkinson's home for weapons and ammunition.  When executing the warrant, the Rockport police located and seized firearms and ammunition.

In state court, Atkinson has argued (through appointed counsel) that the indictments should be dismissed because, <u>inter alia</u>, the state statute governing the suspension and revocation of a firearms license runs afoul of the Second Amendment of the United States Constitution.  The trial court has denied the motions to dismiss, and, according to Atkinson, has stated that it will ignore rulings of the United States Supreme Court.  Invoking 28 U.S.C. § 1455, Atkinson petitions that his prosecution be removed to this Court.

### III. DISCUSSION

The Court must deny the petition for lack of jurisdiction. The Court's removal jurisdiction for criminal cases is very limited, and the prosecution of Atkinson does not fall within any of the few categories of state criminal actions that may be

removed to a federal district court.  See 28 U.S.C. §§ 1442-1443.[1]

Removal of a criminal prosecution is permissible where it is against an on officer of the United States or a member of the armed forces and the prosecution is for acts committed within the scope of those positions.  See 28 U.S.C. §§ 1442, 1442a.  These removal statutes do not apply to the prosecution against Atkinson.

Under 28 U.S.C. § 1443(1) a criminal prosecution may be removed if the defendant "is denied or cannot enforce" in state court "a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof."  28 U.S.C. § 1443(1).  Although Atkinson alleges that he is being his right to equal protection, the Supreme Court has held that § 1443(1) only applies where "the right allegedly denied the removal petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality.'"  Johnson v. Mississippi, 421 U.S. 213, 219 (1975) (quoting Georgia v. Rachel, 384 U.S. 780, 792 (1966)).  "Claims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against

---

[1] Although 28 U.S.C. § 1455 sets forth the procedure for removal of a state criminal prosecution to federal court, it does not provide jurisdiction over such cases.

racial discrimination, will not suffice." Id.  Atkinson does not suggest the prosecution against him violates a federal law concerning racial equality.

Congress has also bestowed removal jurisdiction in criminal prosecutions for "any act under color of authority derived from any law providing for equal rights."  28 U.S.C. § 1443(2).  Despite the somewhat broad language of the statute, the Supreme Court has held that it "confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights those acting under color of authority."  City of Greenwood v. Peacock, 384 U.S. 808, 824 (1966).  Thus, § 1443(2) is clearly inapplicable to the present action.

## IV. CONCLUSION

Because the state prosecution of Atkinson does not fall within the scope of criminal prosecutions that may be removed to this Court, the Court lacks jurisdiction over this action.  Accordingly, the petition for removal is DENIED and this action is REMANDED to Essex Superior Court.

**SO ORDERED.**

/s/ William G. Young
WILLIAM G. YOUNG
DISTRICT JUDGE

[4]